# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRENDA VAZQUEZ,

        **Plaintiff,**

v.                                        **Case No:   6:16-cv-1827-Orl-22GJK**

INSIGHT BEHAVIORAL HEALTH
SPECIALISTS, LLC and OLGA A.
BARRETO,

        **Defendants.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS (Doc. No. 15)** |
| **FILED:** | **January 27, 2017** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 15)** |
| **FILED:** | **January 27, 2017** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| MOTION: | DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT (Doc. No. 15) |
| --- | --- |
| FILED: | January 27, 2017 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

I.      **FACTUAL BACKGROUND**

    **A.  The Complaint**

The matter before the Court arises under the overtime and minimum wage provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. On January 13, 2017, Plaintiff filed the operative complaint against Defendants (the "Complaint"). Doc. No. 14. The following facts are taken from the Complaint. Plaintiff was a non-exempt employee for Insight Behavioral Health Specialists, LLC ("Insight") from approximately November 23, 2015 to approximately April 19, 2016. *Id.* at 2. At Insight, Plaintiff was responsible for submitting Defendant's billing to Staywell Insurance ("Staywell"), an insurance company that provides coverage for individuals who qualify for Medicaid. *Id.* Plaintiff spent over seventy percent of her day submitting Insight's billing to Staywell. *Id.* Staywell receives state and federal funding because it provides Medicaid coverage. *Id.*

Plaintiff and Defendants allegedly agreed to an implied agreement whereby Plaintiff would be employed and paid according to the federal (and Florida) minimum wage. *Id.* at 3. At Insight, Plaintiff worked an average of fifty hours per week and was paid $300 per week. *Id.* Plaintiff was not paid overtime for roughly thirty-one weeks and received no pay for two days of work. *Id.* On or about April 19, 2016, Defendants terminated Plaintiff. *Id.* at 4.

In the Complaint, Plaintiff asserts, *inter alia*, two federal claims against Defendants: 1) violation of the minimum wage and overtime provisions of the FLSA against Insight (Count IV);

and 2) violation of the minimum wage and overtime provisions of the FLSA against Olga Barreto, a corporate executive working for Insight (Count V).[1] Doc. No. 14 at 6-9.

### B. The Omnibus Motion

On January 27, 2017, Defendants filed an omnibus motion requesting that Counts IV and V be dismissed as to Defendants or, in the alternative, summary judgment be granted against Plaintiff and in favor of Defendants for Counts IV and V.[2] Doc. No. 15 at 24 - 25. Defendants also move for a more definite statement under Federal Rule of Civil Procedure 12(e), requesting that "if the Court does not dismiss the above counts, it would be proper for this court to require Plaintiff to provide a more definite statement…" Doc. No. 15 at 24.

For the motion to dismiss and motion for summary judgment, Defendants state the following arguments: 1) Plaintiff has not established enterprise coverage under the FLSA as to Count IV; 2) Plaintiff has not established individual coverage under the FLSA as to Count IV; 3) Plaintiff admits that she was paid above the federal minimum wage and failed to properly plead the amount of unpaid overtime as to Count IV; and 4) because Count IV against Insight is not established, Count V against Ms. Barreto is also not established.[3] *Id.* at 8-22. In support of their summary judgment motion, Defendants attach the following: 1) a declaration from Jose Barreto,

---

[1] Plaintiff also asserts three state law causes of action, all of which are asserted against Insight: breach of contract (Count I); quantum meruit (Count II); and unjust enrichment (Count III). Doc. No. 14 at 4-5.

[2] Because Counts IV and V are the only federal claims in this case, Defendants also request the Court decline to exercise supplemental jurisdiction over the remaining state law claims. Doc. No. 15 at 23-24.

[3] Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) (for lack of subject matter jurisdiction) and 12(b)(6) (for failure to state a claim). Doc. No. 15 at 1. Nevertheless, courts within this circuit have determined that issues such as FLSA coverage pertain to "the merits of the claim, and not the court's jurisdiction." *Sanchez v. A&A Perez Trucking, Inc.,* CASE NO. 16-81740-CIV-MARRA/MATTHEWMAN, 2017 WL 5299302, at * 2 (S.D. Fla. Feb. 8, 2017). *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.* No: 8:07-cv-2359-T-23-TGW, 2008 WL 793660, at * 1 n. 2 (M.D. Fla. Mar. 24, 2008). Courts have found that in such situations, "the proper course of action is to find that jurisdiction exists, treat the challenge to [FLSA] coverage as an attack on the merits of the case, and resolve the motion applying the standards applicable to a motion for summary judgment under Rule 56." *Sanchez,* 2017 WL 5299302 at * 2 (citations omitted). Thus, to the extent that it is a dispositive motion, the Court will analyze the omnibus motion under Rules 12(b)(6) and 56.

co-owner of Insight; 2) evidence purportedly showing the area in which Insight provides its services; 3) a tax form purportedly showing Insight's gross revenue for 2015; 4) Insight's banking statements for 2015; and 5) a profit and loss statement purportedly showing Insight's sales income for 2016. Doc. No. 15-1. On February 14, 2017, Plaintiff filed a response to the omnibus motion. Doc. No. 16.[4]

## II.    FLSA COVERAGE

The FLSA provides that an employer must pay its employees "an overtime wage of one and one–half times his [or her] regular rate for all hours he [or she] works in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1298 (11th Cir.2011). *See also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298. An employee has two ways of alleging that he or she is covered by the FLSA. First, an employee can allege "individual coverage" if the employee demonstrates that he or she was: 1) engaged in interstate commerce or 2) engaged in the production of goods for interstate commerce. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). Second, an employee can allege "enterprise coverage" if he or she demonstrates that the employer: 1) has two or more employees engaged in interstate commerce or in the production of goods for interstate commerce, or two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in, or

_____

[4] Plaintiff dedicates a portion of her response arguing that she has pled sufficient facts to state a retaliation claim under the FLSA. Doc. No. 16 at 14-16. Nevertheless, such a claim is not asserted in the Complaint. Doc. No. 14. Furthermore, it appears that Plaintiff has excluded her FLSA retaliation claim (which was present in the prior amended complaint) from the Complaint. *See* Doc. No. 8 at 9-10. *See also* Doc. No. 15 at 20 n.6. Because Plaintiff does not state an FLSA retaliation count in the Complaint, the undersigned finds that the Plaintiff has not plead a claim for retaliation in the Complaint.

produced for, interstate commerce by any person; <u>and</u> 2) has gross volume sales or business of at least $500,000 annually. *Josendis,* 662 F.3d at 1298 (emphasis added).

## III.     THE MOTION TO DISMISS

### A.  Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 2182, 153 L.Ed.2d 413 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* at 570.

### B. FLSA Coverage

#### 1) Individual Coverage

Plaintiff has not sufficiently alleged individual coverage under the FLSA. As stated above, an employee sufficiently alleges individual coverage by stating that he or she was: 1) engaged in interstate commerce; or 2) engaged in the production of goods for interstate commerce. *Thorne*, 448 F.3d at 1266. An employee is "engaged in commerce" if he or she directly participates "in the actual movement of persons or things in interstate commerce…" *Id.* The phrase "engaged in commerce" is to be given "a broad, liberal construction." *Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005) (quoting *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973)).[5] An employee satisfies the "engaged in commerce" requirement by "(i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his [or her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266.

In the Complaint, Plaintiff states that her central job responsibility involved submitting Insight's billing statements to Staywell. Doc. No. 14 at 2. Plaintiff also states that Staywell, as a Medicaid insurer, receives state and federal funding. *Id.* Thus, Plaintiff argues that because she processed Insight's billing through a federally funded program, Plaintiff has sufficiently alleged individual coverage under the FLSA. *See* Doc. No. 16 at 12 (stating that "Plaintiff alleges that she

---

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. Also, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

processed patient payments through Medicaid… [and] [p]ersuasive authority holds that Medicare payments are sufficient to trigger individual coverage…").

Plaintiff has failed to allege individual coverage for two reasons. First, while Plaintiff provides authority from the Western District of Texas supporting her proposition, Plaintiff has not provided any authority from courts within the Eleventh Circuit. *See* Doc. No. 16 at 12 (citing *Alvarez v. Amb-Trans, Inc.,* Civil Action No. SA–11–CV–179–XR, 2012 WL 4103876 at * 3 (W.D. Tex. 2012) (finding that a plaintiff can invoke individual coverage under the FLSA because her employer is paid by Medicare)). Second, courts within this Circuit have held that an employer's receipt of federal funding is not determinative as to whether an employee engaged in the interstate commerce necessary for individual coverage:

> Plaintiffs also assert that the Defendants' business utilized federal funding from Medicare and Medicaid which is sufficient to trigger any "commerce" requirement under 29 U.S.C. § 203(s)(1) (B). Plaintiffs argue that because it is undisputed that the Defendants received monthly Medicaid payments totaling $2000 for all of the patients every month, that they are subject to the FLSA… [T]his court is unaware of, and Plaintiffs have failed to identify, any per se rule that institutions that receive [M]edicaid payments automatically are subject to the requirements of the FLSA.

*Chacon v. El Milagro Child Care Center*, No. 07–22835–CIV–AMS, 2009 WL 2059910, at * 7 (S.D. Fla. Jul. 9, 2009). *See also Kitchings v. Fla. United Methodist Children's Home, Inc.,* 393 F.Supp.2d 1282, 1292 (M.D. Fla. May 18, 2005) (finding that plaintiffs are not engaged in commerce to qualify for individual coverage under FLSA despite plaintiffs' statements that they handled federal money received through the state of Florida). Finding these cases persuasive, the undersigned finds Plaintiff's allegations regarding individual coverage insufficient.

### 2) Enterprise Coverage

Plaintiff has sufficiently alleged enterprise coverage under the FLSA. In the Complaint,

Plaintiff alleges that Insight "operated as an organization which sells and/or markets its services

and/or goods to customers from throughout the United States and also provides its services for

goods sold and transported from across state lines of other states…" Doc. No. 14 at 6. Plaintiff

also alleges that "the annual gross revenue of [Defendant] was at all times material…in excess of

$500,000 per annum…" *Id.*

In *Dobbins v. Scriptfleet, Inc.*, No. 8:11–cv–1923–T–24–AEP, 2012 WL 601145 at * 2

(M.D. Fla. Feb. 23, 2012), the Court found similar allegations sufficient to allege enterprise

coverage:

> Here, [plaintiff] alleges that she was employed by [defendant] or its
> subsidiaries as a courier. She alleges that [defendant] was "engaged
> in interstate commerce or in the production of goods for commerce
> as defined in 29 U.S.C. § 203(r) and 203(s)." Based upon
> information and belief, [plaintiff] also alleged that "the annual gross
> sales volume of each of the Defendants was in excess of
> $500,000.00 per annum." She also alleges that she and others
> similarly situated were "individually engaged in commerce."
>
> The Court concludes that these allegations are sufficient at this stage
> of the litigation to demonstrate the jurisdictional prerequisite of
> interstate commerce. "[T]he requirements to state a claim of a FLSA
> violation are quite straightforward…" "The elements that must be
> shown are simply a failure to pay overtime compensation and/or
> minimum wages to covered employees and/or failure to keep payroll
> records in accordance with the act." At this stage of the proceeding,
> no more is required.

*Id.* (internal citations omitted). Thus, the Court found a plaintiff's assertion that the employer: 1)

was engaged in interstate commerce or in the production of goods for commerce; and 2) had gross

sales volume over $500,000 was sufficient to allege enterprise coverage under FLSA. *Id.* Finding

*Dobbins* persuasive and recognizing that the Court must accept the Complaint's factual allegations

as true, the undersigned finds that Plaintiff alleged sufficient facts showing enterprise coverage

under the FLSA. *See Christopher*, 536 U.S. 403 at 406.

### C. Wages

As stated above, Plaintiff alleges that she worked fifty hours per week and was paid $300

weekly. Doc. No. 14 at 3. Plaintiff alleges that she performed work for Defendants from

approximately November 23, 2015 to approximately April 19, 2016, a total of twenty-one weeks

and one day. *Id.* at 2. Nevertheless, Plaintiff states that she "received no overtime pay for roughly

thirty-one (31) weeks." *Id.* at 3. Based on the foregoing, Defendants challenge Plaintiff's

allegations regarding her minimum wage and overtime calculations:

> At present and throughout the alleged period of employment, the
> federal minimum wage is/was seven and 25/100 dollars ($7.25).
> Even if accepted as true, [Plaintiff] alleges that she received $300.00
> per week. When applying this payment towards a forty (40) hour
> work week, simple arithmetic reveals a rate of $7.50…Thus
> [Plaintiff] has no viable minimum wage claim under the FLSA
> because she alleges that the rate paid to her is above the federal
> minimum wage…
>
> [Plaintiff] has [also] failed to provide any ascertainable method for
> calculating an approximation of the unpaid overtime wages owed.
> First [Plaintiff] claims that she was employed from November 23ʳᵈ,
> 2015 through April 19ᵗʰ, 2016—a period of [seventeen weeks and
> two days]. Yet without any discernible rhyme or reason, [the
> Complaint] then alleges that she did not receive overtime pay for
> roughly thirty-one (31) weeks -- a period of time that greatly
> surpasses the period of time in which [Plaintiff] claims she was
> employed by Insight.

Doc. No. 15 at 18, 19-20 (internal citations omitted).[6] Thus, Defendants argue that Plaintiff's

claims should be dismissed because: 1) the Complaint's allegations show that Plaintiff was paid

---

[6] While Defendants state that Plaintiff's alleged duration of employment was seventeen weeks and two days, the undersigned finds such a duration to be twenty-one weeks and one day. The undersigned will use the Court's calculation.

above the federal minimum wage; and 2) Plaintiff has provided no ascertainable method for calculating her alleged unpaid overtime due to her contradictory statements regarding the duration of her employment and the length of her unpaid overtime. *Id.*

Defendants' arguments are unpersuasive. First, the Complaint's allegations do not show that Plaintiff was paid above the minimum wage. Defendants provide an improper calculation by dividing $300 by a forty-hour work week. Doc. No. 15 at 18. Nevertheless, the Complaint states that Plaintiff worked an average of fifty hours per week, with approximately ten of those hours worked as overtime.[7] Doc. No. 14 at 3. *See also* Doc. No. 16 at 16 (noting Defendants' calculation error).

Second, while there is a discrepancy in Plaintiff's allegations regarding her duration of employment and the weeks she worked without overtime wages, the undersigned finds such discrepancy insufficient for dismissal. The Eleventh Circuit has held that "the requirements to state a claim of a FLSA violation are quite straightforward." *Secretary of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid overtime wages, an employee must allege that "(1) he [or she] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [her] ... overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). With regard to the third part of test, "[t]here is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." *Ramos v. Aventura Limousine & Transp. Service, Inc.*, No. 12–21693–CIV,

---

[7] The undersigned finds that using Defendants' method with the allegations stated in the Complaint, Plaintiff's hourly rate would equate to $6 per hour.

2012 WL 3834962 at *2 (S.D. Fla. Sept. 4, 2012). Here, Plaintiff alleges that she was an employee at Insight; Insight engaged in interstate commerce; and Insight failed to pay her overtime wages. Doc. No. 14 at 2, 3, 6. Plaintiff also alleges that she worked in excess of forty hours per week and was not paid overtime wages. *Id.* at 3. The Eleventh Circuit has held that "a claim for relief for failure to pay minimum wage [or] to provide overtime compensation… under FLSA does not require more." *Labbe*, 319 Fed App'x at 764. Accordingly, the undersigned finds that Plaintiff has alleged sufficient facts regarding her unpaid wages and overtime for her FLSA claims.[8]

## IV. THE MOTION FOR SUMMARY JUDGMENT

Defendants alternatively move for summary judgment on Counts IV and V, asserting the same arguments stated in their motion to dismiss. Doc. No. 15. The undersigned notes that the motion for summary judgment and the response were filed early in the proceedings. Doc. Nos. 15, 16. Thus, the parties have not had the opportunity to engage in meaningful discovery. Under Federal Rule of Civil Procedure 56, summary judgment is granted when discovery establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "Rule 56, therefore, presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." *Rodgers v. Global Prophets, Inc.*, No. 09–80753–CIV, 2009 WL 3288130 at *1 (S.D. Fla. Aug. 18, 2009) (citations omitted). Such discovery has not taken place in this case. Furthermore, in *Charles v. Artistic Landscape Creations, Inc.*, CASE NO. 14-62740-CIV-COHN/SELTZER, 2015 WL 11201175, at

---

[8] As stated above, Defendants argue that Count V against Ms. Barreto should be dismissed "because Ms. Barreto's liability is derivative of Insight's liability." Doc. No. 15 at 22. Thus, Plaintiff's failure to state a claim against Insight is also a failure to state a claim against Ms. Barreto. *Id.* Because the undersigned finds that Plaintiff has sufficiently pled Count IV, the undersigned declines to dismiss Count V.

\* 2 (S.D. Fla. Apr. 20, 2015), declined to consider a defendant's summary judgment motion in a similar situation:

> In alternative to their arguments for dismissal under Rule 12(b)(6) for failure to state a claim, Defendants ask the Court to grant summary judgment on the basis of documents attached to the Motion. However, Defendants' Motion was filed early in this action, and before either party had the opportunity for meaningful discovery…Because the Motion required a response from [plaintiff] before [he] had the opportunity to conduct sufficient discovery, the portion of the Motion that seeks summary judgment is premature…The Court therefore will deny Defendants' request for summary judgment as premature, without prejudice to renewal.

*Id.* (internal citations omitted) (emphasis added). *See also Rodriguez v. Myrmidones LLC*, No. 8:14-cv-618-T-24-TBM, 2014 WL 1779296 at \*3 (M.D. Fla. May 5, 2014) (declining to convert an FLSA motion to dismiss into a motion for summary judgment because the parties have not had an adequate opportunity to engage in discovery); *Camejo v. Vapor Passion Corp.*, No. 14–22485–CIV, 2015 WL 161153, AT \* 4 (S.D. Fla. Jan. 13, 2015) (declining to convert a motion to dismiss into a motion for summary judgment despite attached profit and loss statements because "it is not clear from the record where Plaintiff has had the benefit of full discovery…"). The Court finds *Charles*, *Rodriguez*, and *Camejo* persuasive. Accordingly, Defendants' summary judgment motion is denied as premature.[9]

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[9] The undersigned declines to grant Defendants' request for a more definite statement because such issues could be resolved during discovery.